**Ferencia FIRMANTO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General \*, United States Department of Justice, Respondent.**

**No. 06–2316–ag.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2008.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio (Michael Anne Johnson, Assistant United States Attorney, of counsel), Cleveland, OH, for Respondent.

Present: ROBERT D. SACK, ROBERT A. KATZMANN, and REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is GRANTED.

Petitioner Ferencia Firmanto, a native and citizen of Indonesia, seeks review of an April 20, 2006 order of the BIA, affirming the October 22, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch,

denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Ferencia Firmanto,* No. A97 479 798 (B.I.A. Apr. 20, 2006), *aff'g* No. A97 479 798 (Immig. Ct. N.Y. City Oct. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial-evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Tao Jiang v. Gonzales,* 500 F.3d 137, 140 (2d Cir.2007). But we will vacate and remand for new findings if the agency's reasoning was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In this case, we remand for reconsideration in light of our recent opinion in *Mufied v. Mukasey,* 508 F.3d 88, ——, ——, slip op. 191, 201 (2d Cir.2007). In *Mufied,* as in this case, the petitioner claimed that he should be excused from showing an individualized risk of future persecution due to a pattern or practice of persecution of Christians in Indonesia. We remanded to the BIA for both factual findings with respect to the petitioner and elaboration upon the standard the BIA uses when determining whether a particular group has suffered from a pattern or practice of

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

persecution: "Without further elaboration, we are unsure how systematic, pervasive, or organized persecution must be before the Board would recognize it as a pattern or practice." *Id.* at ——, slip op. at 200. As such, we remand this case as well for reconsideration consistent with our opinion in *Mufied* and the proceedings that flow therefrom.

For the foregoing reasons, we **GRANT** the petition for review, **VACATE** the BIA's order, and **REMAND** to the BIA for proceedings consistent with this opinion.