**Stephanie Inggrid WIRAJAYA, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–1518–ag.

United States Court of Appeals, Second Circuit.

Aug. 25, 2008.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Jeffrey J. Bernstein, Senior Litigation Counsel; Joseph A. O'Connell, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, DAVID G. TRAGER, District Judge.[1]

### SUMMARY ORDER

Petitioner Stephanie Inggrid Wirajaya petitions for review of the per curiam decision of the BIA, dated March 16, 2007, affirming an Immigration Judge's ("IJ") oral decision, dated September 1, 2005, denying her application for asylum and withholding of removal under the Immigration and Nationality Act, as well as for protection under the United Nations Convention Against Torture ("CAT"), and ordering her removed from the United States to Indonesia.

Wirajaya, a native and citizen of Indonesia, was admitted into the United States as a nonimmigrant visitor in September 2003. Having overstayed the expiration of her visa, she was placed in removal proceedings in January 2005. Wirajaya then timely filed an application for asylum, withholding of removal, and relief under CAT. Wirajaya's application asserted that she possessed the requisite well-founded fear of persecution should she be returned to Indonesia because she is an ethnic Chinese and a practicing Christian.

After a merits hearing, IJ Steven Abrams denied her application by means of an oral decision which found that Wirajaya "[h]ad not met her burden of establishing her eligibility for asylum," and therefore necessarily failed to meet her burden for withholding of removal and CAT relief. IJ Decision at 8. After the BIA's affirmance of this decision, Wirajaya timely filed a petition for review in this Court.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review agency's factual findings under the substantial-evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary". 8 U.S.C. Section 1252(b)(4)(B); *see Tao Jiang v. Gonzales,* 500 F.3d 137, 140 (2d Cir.2007). But we will vacate and remand for new findings if the agency's reasoning was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We remand for reconsideration in light of our recent opinion in *Mufied v. Mukasey,* 508 F.3d 88 (2d Cir.2007). In *Mufied,* this Court identified several independent errors in the agency's reasoning and concluded that the agency had improperly failed to consider a petitioner's claim that Christians in Indonesia faced a "pattern and practice" of persecution sufficient to warrant a grant of asylum. The *Mufied* court found that the agency's consideration of background materials concerning country conditions erroneously focused on the

1. The Honorable David G. Trager, District Judge, United States District Court for the Eastern District of New York, sitting by designation.

question of whether it was more likely than not that *"this particular person," i.e.,* the petitioner, would face persecution were he to return to Indonesia, rather than upon the possibility that the threat of harm to Chinese Christians in Indonesia evidenced a pattern or practice of persecution sufficient to warrant relief. *Id.* at 91–92 (emphasis in original). The court further concluded that the BIA's decision in *Matter of A–M–,* 23 I. & N. Dec. 737, 741 (B.I.A.2005), did not resolve the petition in part because that decision "does not provide us sufficient guidance for how to evaluate a pattern or practice claim," and also because "Mufied relies on more recent reports and evidence" than were contained in the record before the BIA in *Matter of A–M–. Id.* at 92.

In this case, the agency dealt with Wirajaya's pattern or practice claim summarily. The IJ merely noted that while "[t]he documentation that the Court has before it" concerning persecution of Indonesian Christians "clearly tells about conflicts in Indonesia ... it does not indicate anything as far as this individual that she would have problems upon her return." IJ Decision at 8. On appeal, the BIA concluded that the IJ's decision was "wholly in accordance with the Board's decision in *Matter of A–M–.*" BIA Decision at 2. Because these conclusions are called into question by our reasoning in *Mufied,* remand is necessary to ensure that Wirajaya's application for relief from removal is reviewed in a manner consistent with our holding in that case.

To be sure, the agency relied on other grounds to deny Wirajaya's petition; notably, her inability to demonstrate a credible subjective fear of future persecution in light of her return to Indonesia on two occasions after she had secured a visa for entry into the United States. But it is not clear whether this finding itself might be affected by a further review of the record

in light of *Mufied* because Wirajaya claims that an increased pattern of persecution in Indonesia after her return heightened her subjective fear of persecution. Accordingly, we cannot state with confidence that the agency would reach the same conclusion on remand by relying on the alternative ground of a lack of subjective fear, *see Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006), thereby making remand unnecessary.

For the reasons stated above, we **GRANT** the petition for review, **VACATE** the BIA's order, and **REMAND** to the BIA for proceedings consistent with this opinion.