SUMMARY ORDER
Petitioner Rusli Effendi, a native and citizen of Indonesia, seeks review of the October 30, 2007 order of the BIA vacating the October 17, 2003 decision of Immigration Judge (IJ) Vivienne E. Gordon-Ur-uakpa granting Effendi’s application for withholding of removal. In re Rusli Effendi, No. A97 149 945 (B.I.A. Oct. 30, 2007), vacating No. A97 149 945 (Immig. Ct. N.Y. City Oct. 17, 2003). Effendi had filed an application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) in April 2003, alleging that he had a well-founded fear of persecution in Indonesia because of his Chinese ancestry and Buddhist religion. In a personal affidavit attached to his application, Effendi claimed that he had been *103 harassed his entire life in Indonesia because of his ethnicity and religion. He recounted years of discrimination and violence toward ethnic Chinese.
By oral decision of October 17, 2003, the IJ pretermitted Effendi’s asylum application because Effendi had not provided clear and convincing evidence that he had applied for asylum within one year of arriving in the United States and did not demonstrate changed circumstances relating to the delay in filing his application. But the IJ granted Effendi’s motion for withholding of removal, specifically finding that Effendi had suffered past persecution in Indonesia based on his Chinese ethnicity and Buddhist religion. In its decision of April 29, 2005, the BIA affirmed the IJ’s pretermission of Effendi’s asylum application but reversed the IJ as to withholding of removal, finding that the respondent did not suffer past harm rising to the level of persecution. By endorsed stipulation of February 16, 2007, the BIA’s decision of April 29 was vacated. The case was remanded, and the BIA was directed to “issue a new decision, determining whether petitioner has established past persecution or a well-founded fear of future persecution” and to “set forth the standard by which it is reviewing the decision of the IJ and identify material errors of fact or law.”
In its decision of October 30, 2007, the BIA reaffirmed the IJ’s pretermission of Effendi’s asylum application and held that Effendi had failed to establish past persecution. The BIA also concluded, citing Matter of A-M- 23 I & N. Dec. 737 (BIA 2005), that there is insufficient evidence of future persecution. The BIA acknowledged “that to some extent Lie [v. Ashcroft, 396 F.3d 530, 537 (3d Cir.2005) (finding that Petitioner had failed to show a pattern or practice of persecution of Chinese Christians in Indonesia) ] and other similar cases are of limited value because they did not rely on current information,” but also noted that Effendi had “not submitted evidence to show that a remand is warranted to update the record here.” Effendi timely filed this petition for review.
This Court reviews the BIA’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We remand for clarification of the standard the BIA uses when determining whether a particular group has suffered from a pattern or practice of persecution. See Mufied v. Mukasey, 508 F.3d 88 (2d Cir.2007); Firmanto v. Mukasey, 259 Fed. Appx. 366, 367 (2d Cir.2008) (summary order). “Without further elaboration, we^ are unsure how systematic, pervasive, or organized persecution must be before the Board would recognize it as a pattern or practice.” Mufied, 508 F.3d at 93.
For the foregoing reasons, the petition for review is GRANTED, the BIA’s order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision.