08-4418-ag
Toar v. Holder

BIA
Chew, IJ
A099 928 215

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of December, two thousand nine.

PRESENT:
> HON. GUIDO CALABRESI,
> HON. ROBERT A. KATZMANN,
> HON. DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

IVANE TOAR,
> *Petitioner*,

v.                                              08-4418-ag
                                                NAC

ERIC H. HOLDER JR.,[1] U.S. ATTORNEY GENERAL,
> *Respondent*.

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:   Theodore Vialet, New York, New York.

FOR RESPONDENT:   Michael F. Hertz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ivane Toar, a native and citizen of Indonesia, seeks review of an August 13, 2008 order of the BIA affirming the October 18, 2007 decision of Immigration Judge ("IJ") George T. Chew, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Ivane Toar*, No. A099 928 215 (B.I.A. Aug. 13, 2008), *aff'g* No. A099 928 215 (Immig. Ct. N.Y. City Oct. 18, 2007).  We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Toar fails to challenge the agency's denial of her CAT claim before this Court, we deem any such argument waived.  *See Yueqing Zhang v.*

2

*Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We find that the record supports the agency's determination that Toar failed to demonstrate a well-founded fear of future persecution. While Toar does not challenge the agency's determination that she did not suffer past persecution, she relies on past events to support her claim that she has a well-founded fear of future persecution. Toar asserts that, taken together, the threats, insults, and injuries that she sustained while in Indonesia, and the background materials describing attacks on Christians in Indonesia, are sufficient to demonstrate her well-founded fear. Her arguments, however, are unavailing. Toar fails to demonstrate that the threats, insults, and injuries she endured in the past rose to the level of persecution. *See*

3

*Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). It follows then that even if she were to face similar conditions upon her return, the agency did not err in finding her fear of persecution not objectively well-founded.

Moreover, the agency's analysis of Toar's pattern or practice claim is not, under the circumstances of this case, a basis for remand. We have previously noted that the BIA's "systematic and pervasive" standard, announced in *In re A-M-*, 23 I & N Dec. 737 (B.I.A. 2005), does "not provide us sufficient guidance" to evaluate pattern and practice claims. See *Mufied v. Mukasey*, 508 F.3d 88, 92 (2d Cir. 2007). Since *Mufied*, this Court has remanded several cases on the ground that it could not review the agency's pattern-and-practice determination without further standards. *See, e.g., Effendi v. Holder*, No. 07-5323, 2009 WL 2271019 (2d Cir. July 30, 2009); *Firmanto v. Mukasey*, 259 F.App'x 366, 366-67 (2d Cir. 2008); *Wirajaya v. Mukasey*, 290 F.App'x 428 (2d Cir. 2008). In our recent decision in *Santoso v. Holder*, however, we held that under the circumstances of that case, which include "where the BIA explicitly discussed the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in

4

petitioner's homeland," remand was not necessary. 580 F.3d 110, 112 n.1 (2d Cir. 2009). We similarly find that remand is not necessary in this case. We nonetheless renew our request that the BIA clarify its pattern-and-practice standard.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

5